**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

REGINALD MCFADDEN,

                                    Plaintiff,

          v.                                                    No. 03-CV-931
                                                                     (LEK/DRH)

JOHN MITCHELL, RN, NA-CCF; MICHAEL
GORDON, RN, ICN-DOHS; KANG M. LEE,
M.D.; LYNN KHAN, RN; DANIEL A.
SENKOWSKI, Superintendent; JAMES
WOODS; PAUL ANNETTE; RICHARD ROY;
J. DOUGLAS, Sgt.; SGT. LAREAU;
ANTHONY ANNICCI;[1] CHRISTINA OSHIER,
Clerk, II; DEBORAH JARVIS, IRC; IRA
ELLEN, M.D.; ROBERT COX, Mailroom
Supervisor; JOHN NELSON DECKER,
ENT-AMC-ACF; IRWIN LIEB, Urologist;
GLENN S. GOORD; SHARON LILLEY;
ROBERT SNIDER, M.D.; DAVID
ARMITAGE, Lt.-CCF; B. DARNOBID,
RPA-DCF; P. FRANKLIN, ICN-DCF; DR.
DAVID O'CONNELL, MD-ACF; BRIAN F.
MALONE, IG-DOCS; THOMAS EAGEN, Dir.
IGRC-DOCS; and D. LUCIA, Sgt. CCF,

                                    Defendants.
_____

**APPEARANCES:**                              **OF COUNSEL:**

REGINALD McFADDEN
Plaintiff Pro Se
No. 95-A-6279
Clinton Correctional Facility
Post Office Box 2001
Dannemora, New York 12929-2001

_____

          [1]The correct spelling is "Ann_u_cci."  Annucci Aff. (Docket No. 63).  The correct
spelling will used herein.

HON. ELIOT SPITZER                              KELLY L. MUNKWITZ, ESQ.
Attorney General for the                        Assistant Attorney General
  State of New York
Attorney for Defendants Goord, Roy,
  Annucci, and Jarvis
The Capitol
Albany, New York 12224-0341

NAPIERSKI, VANDENBURGH &                         THOMAS J. O'CONNOR, ESQ.
  NAPIERSKI, L.L.P.
Attorney for Defendant Lieb
296 Washington Avenue Extension
Albany, New York 12203

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**


### REPORT-RECOMMENDATION AND ORDER[2]

Plaintiff pro se Reginald McFadden ("McFadden"), an inmate in the custody of the

New York State Department of Correctional Services (DOCS), brings this action pursuant to

42 U.S.C. § 1983 alleging that the twenty-seven defendants violated his constitutional

rights. Am. Compl. (Docket No. 8). Presently pending are defendants' motions for summary

judgment and McFadden's cross-motion for summary judgment, all on the sole issue of

service of process. Docket Nos. 63, 65, 66.[3]  For the reasons which follow, it is

recommended that defendants' motions be denied as to the moving defendants and the

amended complaint be dismissed without prejudice as to the remaining, non-moving

defendants.  It is recommended that McFadden's cross motion be granted.  It is also

---

[2] This matter was referred to the undersigned for report and recommendation
pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

[3] Defendants' motions are made on behalf of defendants Roy, Annucci, Jarvis,
Goord, and Lieb. See Section III infra.

recommended that McFadden's motion to strike Lieb's amended answer be denied.  Docket No. 34.  Finally, it is ordered that McFadden's motions to stay and to consolidate are denied. Docket Nos. 38, 54.

## I. Background

On September 12, 2003, McFadden's application for leave to proceed in forma pauperis was denied pursuant to 28 U.S.C. § 1915(g) and N.D.N.Y.L.R. 5.4 (a).[4]  Docket No. 6. McFadden was thus responsible for service of process upon the defendants without the assistance of the United States Marshals Service. See Fed. R. Civ. P. 4(c)(2). McFadden filed an amended complaint on October 3, 2003. Docket No. 8. On December 10, 2003, the clerk issued summonses for all defendants. Docket entry dated 12/10/2003. On January 20, 2004, McFadden moved for court-ordered service of process by the Marshals Service, which was denied on March 15, 2004. Docket Nos. 18, 29.

On January 10–11, and March 26, 2004, McFadden sent summonses and copies of the complaint to defendants Goord, Annucci, Roy, Jarvis, and Lieb by certified mail. Docket No. 34.  Each of these defendants received a copy of the summons, complaint, and an acknowledgment of service.  See Gonzalez Aff. (Docket No. 63) at ¶ 2; Roy Aff. (Docket No. 63) at ¶ 2; Annucci Aff. (Docket No. 63) at ¶ 2; Jarvis Aff. (Docket No. 63) at ¶ 2; Lieb Aff. (Docket No. 65)  at ¶ 2.  While an addressed, stamped envelope was purported to be included, defendants contend that no such envelopes were included. Gonzalez Aff. at ¶¶ 3-

---

[4] Prisoners are barred from proceeding in forma pauperis ("IFP") after three or more previous claims have been dismissed as frivolous, malicious or for failing to state a claim. Several actions filed by McFadden in the Southern District have been dismissed pursuant to 28 U.S.C. § 1915. See Order filed Sept. 12, 2003 (Docket No. 6) at 3 & n. 1.

4; Roy Aff. at ¶¶ 3-4 & Ex. A; Annucci Aff. at ¶¶ 3-4 & Ex. A; Jarvis Aff. at ¶¶ 3-4 & Ex. A;

Lieb Aff. at ¶ 4 & Ex A.  These defendants did not sign the acknowledgments because they

believed that they were defective. Gonzalez Aff. at ¶ 7; Roy Aff. at ¶ 7; Annucci Aff. at ¶ 7;

Jarvis Aff. at ¶ 7, Lieb Aff. at ¶ 7. Annucci, Goord, Jarvis, and Roy answered the complaint

on March 9, 2004 and Lieb answered the complaint on April 4, 2004. Docket Nos. 26, 31.


## II. Discussion

### A. Summary Judgment Standard

A motion for summary judgment may be granted if there is no genuine issue as to

any material fact if supported by affidavits or other suitable evidence and the moving party

is entitled to judgment as a matter of law. The moving party has the burden to show the

absence of disputed material facts by informing the court of portions of pleadings,

depositions, and affidavits which support the motion. Fed. R. Civ. P. 56(c); Celotex Corp. v.

Catrett, 477 U.S. 317, 323 (1986).  Facts are material if they may affect the outcome of the

case as determined by substantive law.  Anderson v. Liberty Lobby, 477 U.S. 242, 250

(1986).  All ambiguities are resolved and all reasonable inferences are drawn in favor of the

non-moving party. Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

The party opposing the motion must set forth facts showing that there is a genuine

issue for trial. The non-moving party must do more than merely show that there is some

doubt or speculation as to the true nature of the facts.  Matsushita Elec. Indus. Co. v. Zenith

Radio Corp., 475 U.S. 574, 586 (1986).  It must be apparent that no rational finder of fact

could find in favor of the non-moving party for a court to grant a motion for summary

judgment.  Gallo v. Prudential Residential Servs. 22 F.3d 1219, 1223 (2d Cir. 1994);

Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988).

When, as here, a party seeks summary judgment against a pro se litigant, a court

must afford the non-movant special solicitude.[5] Id. However, "the mere existence of some

alleged factual dispute between the parties will not defeat an otherwise properly supported

motion for summary judgment; the requirement is that there be no genuine issue of material

fact." Anderson, 477 U.S. at 247-48.


### B.  Proper Service

Roy, Annucci, Jarvis, Goord, and Lieb contend that McFadden failed to effect proper

service.  McFadden contends that these defendants were properly served.

Rule 4(d) allows for a waiver of personal service by mailing a copy of the summons

and complaint together with two copies of a notice and acknowledgment and a postage paid

return envelope.  Fed. R. Civ. P. 4(d); McGann v. New York, 77 F.3d 672, 674 (2d Cir.

1996).  The acknowledgment must state the date on which the request was sent and

"inform the defendant, by means of a text prescribed in an official form promulgated

pursuant to Rule 84, of the consequences of compliance and of a failure to comply with the

request." Fed. R. Civ. P. 4(d)(2)(D)-(F); Mandeville v. Wertheimer, No. 01-CIV-4469, 2002

WL 31045859, at *9 (S.D.N.Y. Jun. 17, 2002).  A defendant is not required to waive

personal service but will be assessed the costs of service if he or she refuses to do so.

---

[5]Although entitled to such solicitude, McFadden has significant litigation experience, having filed at least thirty-seven other federal actions since 1995. See  U.S. Party/Case Index (visited Mar. 9, 2005) <http://pacer.uspci.uscourts.gov/cgi-bin/ dquery.pl>.

Datiari v. City of New York, No. 02-CV-5985 (DGT), 2004 U.S. Dist. LEXIS 23224, at *8-9 (E.D.N.Y. Nov. 17, 2004).

Rule 4 is to be construed liberally "to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice." Grammenos v. Lemos, 457 F.2d 1067, 1070 (2d Cir. 1972).  In the event that a plaintiff sends all the papers required under Rule 4(d) and the defendant fails to respond, "strong factors of justice and equity push toward . . . effective mail service where . . . the recipient actually receives the mail service but refuses to acknowledge it properly." Morse v. Elmira Country Club, 752 F.2d 35, 40 (2d Cir. 1984);[6] McGann, 77 F.3d at 674-75.  Therefore, the failure of a defendant to return an acknowledgment may not necessarily be fatal to a plaintiff. Broughton v. Chrysler, 144 F.R.D. 23, 29 n.2. (W.D.N.Y. 1992).

Defendants admit that they received copies of the summons, complaint, and acknowledgment. Gonzales Aff. at ¶ 2; Roy Aff. at ¶ 2; Annucci Aff. at ¶ 2; Jarvis Aff. at ¶ 2; Lieb Aff. at ¶ 2.  The acknowledgment notified defendants of the consequences of compliance and of the failure to comply. Annucci  Aff. at Ex. A.  While there may be a factual dispute as to whether McFadden included postage-paid envelopes and additional copies of the acknowledgment, as well as McFadden's failure to date the acknowledgment, these questions are not material to the question whether service was effective and are

---

[6] Morse referred to the Federal Rules in effect prior to the 1993 amendments which changed the numbering and the content of Rule 4. The service-by-mail provision was replaced by a section allowing plaintiffs to mail individual defendants a request for a waiver of service. See Morse, 752 F.2d at 674 n.4. However, the former service-by-mail provision and the current waiver-of-service provision are functional equivalents. Ortiz v. County of Westchester, No. 94-CIV-1685 (LMM), 1994 WL 419815, at *8 (S.D.N.Y. Aug. 10, 1994).

merely de minimus. <u>Mandeville</u>, 2002 WL 31045859, at *9; <u>Cruz v. Jackson</u>, No. 94-CIV-4665 (LMM), 1994 WL 652546, at *1 (S.D.N.Y. Nov. 17, 1994). McFadden has thus satisfactorily demonstrated compliance with the provisions of Rule 4(d).[7]

Therefore, defendants' motions on this ground should be denied and, deeming McFadden's cross-motion as one for summary judgment on defendants' defense of lack of service, this motion should be granted.

## C. Local Rules

Goord, Roy, Annucci, and Jarvis contend that McFadden's cross-motion for summary judgment must be denied because McFadden failed to comply with N.D.N.Y.L.R. 7.1(a)(3).  Docket No. 70.

Local Rule 7.1 sets forth the requirements for motion practice.  Specifically, Rule 7.1(a)(3) dictates that a motion for summary judgment must contain a statement of material facts. This statement must exposit each material fact about which the moving party contends there is no genuine issue and it must provide specific citations to the record. Failure of the moving party to submit an accurate and complete statement of material facts results in denial of the motion. The non-moving party's response must mirror the movant's statement and any facts not specifically controverted are deemed admitted. N.D.N.Y.L.R. 7.1(a)(3).

Defendants' motion for summary judgment contained a statement of material facts

---

[7] As proper service is found here under Rule 4(d), defendants' contentions that McFadden failed to effectuate proper service under the alternative procedures pursuant to Fed. R. Civ. P. 4(e) and N.Y. C.P.L.R. § 312-a need not be addressed.  In addition, McFadden's contention that defendants waived objections to personal service and personal jurisdiction need not be addressed.

pursuant to Rule 7.1(a)(3).  Docket No. 63. The purpose of the statement of material facts

that accompanies a notice of motion for summary judgment is to present facts as to which

there is no genuine issue so as to provide the Court with the undisputed, material facts.

Cossack v. Burns, 970 F. Supp. 108, 111-12 (N.D.N.Y. 1997) (McAvoy, C.J.).  While

McFadden's memorandum of law does not comply completely with this rule, it does set forth

disputed facts relative to this motion.  Docket Nos. 66, 68. Thus, McFadden may not have

complied completely with Rule 7.1(a)(3), but McFadden's pro se status, and the special

solicitude to which he is thereby entitled lead to the conclusion that in these circumstances,

such deficiencies be excused.

Accordingly, defendants' contention that McFadden's cross-motion should be denied

on this ground should be rejected.


### III. Rule 4(m)

None of the defendants other than the moving defendants have yet been served in

this action. Fed. R. Civ. P. 4(m) requires that a complaint be served upon a defendant

within 120 days after the complaint is filed or the complaint may be dismissed as to any

unserved defendant without prejudice. See also N.D.N.Y.L.R. 4.1(b). The amended

complaint here was filed on October 3, 2003 (Docket No. 8). On December 10, 2003,

summonses were issued for all defendants. See Docket entries dated 12/10/03. More than

120 days have passed since either event.  Accordingly, it is recommended that the

complaint be dismissed without prejudice pursuant to Rule 4(m) and Local Rule 4.1(b) as to

all defendants except Roy, Annucci, Jarvis, Goord, and Lieb.

**IV. Motion to Strike**

McFadden moves to strike Lieb's amended answer.  Lieb contends that he was permitted to amend his answer pursuant to Fed. R. Civ. P. 15 (a).

Fed. R. Civ. P. 12(f) permits a court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Rule 12 (f) motions are not favored and will not be granted unless it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation. Luber v. Ross, No. 03-CV-493 (GLS/RFT), 2004 U.S. Dist. LEXIS 26250, at *9-10 (N.D.N.Y. Dec. 29, 2004) (Sharpe, J.) (quoting Allocco v. Dow Jones & Co., Inc., No. 02 Civ. 1029(LMM), 2002 WL 1484400, at *1 (S.D.N.Y. July 10, 2002)).  In deciding a Rule 12(f) motion, a court "must accept the matters well-pleaded as true and should not consider matters outside the pleadings." Oneida Indian Nation v. New York, 194 F. Supp. 2d 104, 117 (N.D.N.Y. 2002) (Kahn, J.).

In order to prevail on a motion to strike, a "[p]laintiff must show that 1) there is no question of fact which might allow the defense to succeed; 2) that there is no question of law which might allow the defense to succeed; and 3) that the plaintiff would be prejudiced by the inclusion of the defense." Luber, 2004 U.S. Dist. LEXIS 26250, at *9. In addition, when there "has been no significant discovery," courts are more reluctant to grant a motion to strike an affirmative defense." Canadian St. Regis Band of Mohawk Indians v. New York, 278 F. Supp. 2d 313, 324-25 (N.D.N.Y. 2003) (McCurn, J.).

In light of the recommendation above as to personal jurisdiction and service, McFadden's motion to strike Lieb's affirmative defenses of personal jurisdiction and improper service is moot. The remaining affirmative defenses that McFadden moves to

9

strike are that McFadden had three prior actions dismissed and was barred from IFP status, that Lieb was not deliberately indifferent to McFadden's constitutional rights, and that McFadden's action is barred by res judicata and collateral estoppel. Docket No. 33. McFadden does not show that he is prejudiced by the assertion of these defenses or that there is anything "immaterial, impertinent or scandalous" about the challenged defenses. The affirmative defenses are not clearly insufficient as required by Rule 12(f). <u>Breedlove v. Cabou</u>, 296 F. Supp 2d 253, 274-76 (N.D.N.Y. 2003) (McCurn, J.).

It is therefore recommended that McFadden's motion to strike Lieb's amended answer be denied.

## V. Motion to Consolidate

Also pending is McFadden's motion to consolidate this action (<u>McFadden I</u>) with <u>McFadden v. Lee</u>, No. 04-CV-799 (DNH/DEP) (<u>McFadden II</u>). Docket No. 54. Defendants have taken no position regarding this motion.

Consolidation is appropriate when cases involve common questions of law and fact and consolidation would serve the interests of judicial efficiency.  Fed. R. Civ. P. 42(a); <u>Kelly v. Kelly</u>, 911 F. Supp. 66, 69 (N.D.N.Y. 1996) (Hurd, M.J.). In considering a motion to consolidate, efficiency concerns must be balanced against inconvenience, delay or expense, and the potential for confusion or prejudice which may result from consolidation. <u>International Paving Sys. v. Van Tulco</u>, 806 F. Supp. 17, 22 (E.D.N.Y. 1992).

McFadden alleges in <u>McFadden I</u> that while he was incarcerated at Clinton Correctional Facility, defendants showed deliberate indifference to his medical needs by failing to treat his ear and Hepatitis-C infections.  See <u>McFadden I</u> Am. Compl. (Docket

No.8). In McFadden II, McFadden alleges that while he was incarcerated at Clinton, the defendants denied and delayed medical treatment for his Hepatitis-C infection  McFadden II Am. Compl.  (Docket No. 7). The overlapping claims contained in both cases are the alleged failure of Gordon, Lee, and O'Connell to diagnose and treat his Hepatitis-C infection. McFadden II, Docket No. 7, at ¶¶ 5, 6; McFadden I, Docket No. 8 at ¶¶  2, 6, 8.

These cases arguably have common issues of fact concerning whether the common defendants showed deliberate indifference to McFadden's medical needs. However, there is a dispositive motion for dismissal presently pending in McFadden II. See McFadden II, Docket No. 50.[8] If this motion is granted in its entirety, there will be no need for consolidation or, if granted only in part, it will narrow the triable issues and potentially reduce or eliminate common questions of fact between these actions. Marshall v. National Ass'n of Letter Carriers Br. 36, Nos. 00-CIV-3167 (LTS) & 01-CIV-3086(LTS), 2003 WL 223563, at *11 (S.D.N.Y. Feb. 3, 2003). On this basis, the motion to consolidate will be denied without prejudice to renewal if McFadden II survives the motion to dismiss.

## VI. Motion to Stay

Finally, also pending is McFadden's motion to stay the present action on the basis that defendants are obstructing his outgoing mail until the present motion is decided. Docket Nos. 38, 43. In light of the recommendation above that McFadden's motion for summary judgment be granted as to the moving defendants on the sole issue of service, the motion to stay is moot and is therefore denied.

---

[8] There is a stay of the motion to consolidate in McFadden II pending the determination of the present motion in McFadden I. See McFadden II, Docket No. 43.

### V.  Conclusion

For the reasons stated above, it is hereby:

**RECOMMENDED** that:

      1. Defendants' motions for summary judgment (Docket Nos. 63, 65) be **DENIED**;

      2. McFadden's cross-motion for summary judgment (Docket No. 66) be **GRANTED**;

      3. The amended complaint be **DISMISSED** without prejudice as to all non-moving defendants; and

      4. McFadden's motion to strike Lieb's amended answer (Docket No. 34) be **DENIED**; and

    **IT IS ORDERED** that:

      1. McFadden's motion to stay (Docket No. 38) is **DENIED**;

      2. McFadden's motion to consolidate (Docket No. 54) is **DENIED** without prejudice; and

      3. Defendants' request for a protective order staying discovery is **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE**

**REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Secretary of HHS,

892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).


DATED:   May 6, 2005
         Albany, New York

                                        _David R. Homer_____
                                        United States Magistrate Judge