UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

REGINALD MCFADDEN,

                                        Plaintiff,

                                                            9:03-CV-0931
            v.                                              (LEK)(DRH)

RICHARD ROY; ANTHONY ANNUCCI; DEBORAH
JARVIS, IRC; IRWIN LIEB, Urologist; and GLENN
S. GOORD,

                                        Defendants.

APPEARANCES                             OF COUNSEL

REGINALD MCFADDEN
Plaintiff, *Pro se*
95-A-6279
Clinton Correctional Facility
Box 2001
Dannemora, New York 12929-2001

HON. ELIOT SPITZER                      KELLY MUNKWITZ, Esq.
Attorney General of the State of New York    Assistant Attorney General
Albany Office
Litigation Bureau
The Capitol
Albany, New York 12224
Attorney for the Defendants Roy, Annucci,
    Jarvis, and Goord

NAPIERSKI, VANDENBURGH LAW FIRM         THOMAS J. O'CONNOR, Esq.
296 Washington Avenue Extension
Albany, New York 12203
Attorney for Defendant Lieb

LAWRENCE E. KAHN, U.S. District Judge

ORDER

        Plaintiff Reginald McFadden commenced this action on July 24, 2003 by submitting

a complaint and *in forma pauperis* application. Dkt. Nos. 1, 2. By Order of this Court filed

on September 12, 2003, plaintiff was directed to file an amended complaint; plaintiff's *in*

*forma pauperis* application was denied.[1]  *See* Dkt. No. 6.  Plaintiff submitted an amended

complaint on October 3, 2003.  Dkt. No. 8.  By Order filed December 9, 2003, Plaintiff's

amended complaint was approved for filing and plaintiff was directed to serve all of the

defendants with the summons and amended complaint.  *See* Dkt. No. 12.  Since plaintiff

was not granted *in forma pauperis* status, he was advised that the U.S. Marshals would

not provide service of process.  *Id*.

Currently before the Court are two motions seeking injunctive relief.  Dkt. Nos. 45

and 59.  Defendants have responded in opposition to the first of these motions.  Dkt. No.

50.  Plaintiff has also filed a motion to join defendants.  Dkt. No. 78.  Finally, plaintiff

wishes to appeal the denial of his motion for appointment of counsel.  Dkt. No. 83.

## I.    Motions for injunctive relief

Plaintiff has submitted two separate motions for injunctive relief.  *See* Dkt. Nos.45

and 59.  Defendant has responded in opposition to the first of these motions.  *See* Dkt.

No. 50.

The two motions for injunctive relief seek similar relief and will therefore be

addressed together.  Plaintiff seeks an Order directing defendants to "<u>stop</u> and <u>cease</u> any

and all obstructions of access to court."  Dkt. No. 59 at 1; *see also* Dkt. No. 45, Aff. at 6.

Plaintiff also asks the Court to direct his transfer "into Federal custody until the resolution

of this matter."  Dkt. No. 45 at 6.

Defendant opposes the first motion because (1) plaintiff has failed to demonstrate a

---

[1] Plaintiff's *in forma pauperis* application was denied pursuant to 28 U.S.C. §
1915(g) and N.D.N.Y.L.R. 5.4(a).  Prisoners are barred from proceeding *in forma pauperis*
after three or more previous claims have been dismissed pursuant to 28 U.S.C. § 1915 as
frivolous, malicious or for failing to state a claim.  Several actions filed by plaintiff in the
Southern District of New York have been dismissed pursuant to 28 U.S.C. § 1915.  *See*
Dkt. No. 6 at 3 and n.1.

likelihood of success on the merits of his action and (2) the allegations set forth in the motion are not related to the allegations in plaintiff's underlying action.  Dkt. No. 50. Defendants have not responded to the second motion.

The standard a court must utilize in considering whether to grant a request for injunctive relief is well-settled in this Circuit.  As the Second Circuit noted in *Covino v. Patrissi,* 967 F.2d 73 (2d Cir. 1992), the movant must show: (a) irreparable harm and (b) either (1) a likelihood of success on the merits of the claim or (2) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief.  *Id*. at 77 (affirming district court's denial of inmate's request for preliminary injunction); *see also Roucchio v. LeFevre*, 850 F. Supp. 143, 144 (N.D.N.Y. 1994) (McAvoy, C.J.) (adopting Report-Recommendation of Magistrate Judge that denied inmate's request for injunctive relief).

As a preliminary matter, however, relief sought by way of injunction **must relate to the allegations contained in the underlying complaint**. *See Allen v. Brown*, No. 96-CV-1599, 1998 WL 214418, at *4 (N.D.N.Y. Apr. 28, 1998) (Pooler, J.) (adopting Report-Recommendation of Magistrate Judge that denied request for injunctive relief where allegations in the application were unrelated to claims asserted in the complaint); *see also Foxworth v. United States Park Police*, 1989 U.S. Dist. LEXIS 9648 (D.D.C. Aug. 14, 1989) (denying motion for injunctive relief where allegations contained in such application were unrelated to claims asserted in complaint).

In his amended complaint, plaintiff alleges that, while incarcerated at Clinton Correctional Facility, defendants showed deliberate indifference to plaintiff's serious medical needs by failing to treat plaintiff's ear infection and Hepatitis-C infections.  Dkt.

No. 8 (Amended Complaint).  Plaintiff also alleges that his outgoing, non-legal mail was interfered with; he was retaliated against for filing grievances; and some of the defendants refused to expunge from plaintiff's records certain information in accordance with a State Court Order.  *Id.*  For the first time in his motions for injunctive relief plaintiff claims that in retaliation for filing this action, and to obstruct the progress of this action, he was issued false misbehavior reports and placed in disciplinary confinement.  Dkt. No. 45, Aff. at 4-6; Dkt. No. 59, Aff. at 2-3.  Plaintiff also claims that the defendants have denied him access to stamps, mailing supplies, his legal papers, and his typewriter; and ultimately, by doing so, are denying plaintiff access to the Courts.  Dkt. No. 45 at 9-13; Dkt. No. 59 at 3. Clearly, the allegations that form the basis of plaintiff's current motions do not relate to the allegations contained in the underlying amended complaint.

Moreover, to the extent that plaintiff seeks transfer to another facility -- in this case to Federal custody -- the law is clear that an inmate does not have a right to be confined to the prison of his own choosing.  *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Mendez* v. *Mantello*, No. 93-CV-0908 (N.D.N.Y. Sept. 1, 1994) (DiBianco, M.J.) (citing *Meriwether v. Coughlin*, 879 F.2d 1037, 1046 (2d Cir. 1989)).  Thus, Plaintiff does not have the right to be transferred to Federal custody.

In sum, since plaintiff's allegations in support of his motions are unrelated to the allegations contained in his amended complaint, and plaintiff is not entitled to be confined in the prison of his choice, plaintiff has failed to establish either a likelihood of succeeding on the merits **of his underlying claims**, or sufficiently serious questions going to the merits of such claim and a balance of hardships tipping decidedly toward plaintiff.  *See Allen*, 1998 WL 214418, at * 4.  Therefore, the Court denies both of plaintiff's motions for

injunctive relief.

Finally, to the extent that plaintiff seeks an order directing defendants to stop obstructing service of process, this request is moot.  Five of the defendants have been deemed properly served; the remaining defendants have been dismissed for failure to serve within the time required under the Federal Rules.  *See* Dkt. No. 81 (Order of this Court filed on July 11, 2005 which adopted the Report-Recommendation of Magistrate Judge David R. Homer filed on May 6, 2005).

## II.    Motion for joinder

Plaintiff has also filed a motion pursuant to Federal Rule of Civil Procedure 19(a) seeking permission to join additional defendants to his action.  Dkt. No. 78.  In the alternative, plaintiff seeks an enlargement of time to serve certain defendants, who, as more fully explained below, have now been dismissed from this action.  *Id*.

Fed. R. Civ. P. 19(a) states:

(a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

Plaintiff seeks to join twenty defendants to this action.  *See* Dkt. No. 78, Aff. at 1-2.  At the time that plaintiff filed this motion, the twenty defendants were still parties to this action.  Magistrate Judge Homer had however recommended dismissal of the twenty defendants

for plaintiff's failure to serve them within the time set forth in the Federal Rules. Accordingly, at the time the motion was filed, it was premature. After filing of this motion, this Court adopted Magistrate Judge Homer's Report-Recommendation in its entirety and dismissed the twenty un-served defendants without prejudice. Plaintiff's motion is therefore now moot.

Even if the Court were to decide that the motion is not moot, the motion would nevertheless be denied. Plaintiff has not demonstrated either (1) that in the absence of the twenty proposed defendants, complete relief cannot be obtained, or (2) that any of the twenty proposed defendants claim an interest relating to the subject of the action which would impair any potential judgment. Plaintiff's motion for joinder is denied.

Additionally, plaintiff's alternative request for an extension of time to serve the 20 un-served defendants is denied as moot insofar as the 20 defendants have been dismissed from this action.

**III.    Objections to July 22, 2005 Order**

By Order of Magistrate Judge David R. Homer filed on July 22, 2005, plaintiff's motion for appointment of counsel was denied. *See* Dkt. No. 82 ("July Order"). Plaintiff objects to the July Order. *See* Dkt. No. 83; 28 U.S.C. § 636(b)(1)(A). Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(a) states:

> Within ten (10) days after being served with a copy of the magistrate judge's order [on a nondispositive issue], a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

Fed. R. Civ. P. 72(a).

The Court has reviewed the July Order and finds that it is not clearly erroneous or

contrary to law.  *See* 28 U.S.C. § 636(b)(1)(A).  Accordingly, plaintiff's objections to the July Order are denied and the July Order is affirmed.

**WHEREFORE**, it is hereby

**ORDERED**, that plaintiff's motions for injunctive relief (Dkt. Nos. 45 and 59) are **DENIED**, and it is further

**ORDERED**, that plaintiff's motion for joinder (Dkt. No. 78) is **DENIED**, and it is further

**ORDERED**, that plaintiff's objections (Dkt. No. 83) to the July Order are **DENIED** and the July Order (Dkt. No. 82) is **AFFIRMED**, and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on the parties.

DATED:    September 22, 2005
          Albany, New York


Lawrence E. Kahn
U.S. District Judge