UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

REGINALD MCFADDEN,

                                      Plaintiff,                                 9:03-CV-0931
                                                                                      (LEK)(DRH)
            v.                                                                                  (Lead Case)

RICHARD ROY; ANTHONY ANNUCCI;
DEBORAH JARVIS; IRWIN LIEB;
GLENN S. GOORD,

                                      Defendants.

REGINALD MCFADDEN,

                                      Plaintiff,                              9:04-CV-0799
                                                                          (LEK)(DRH)
            v.                                                                    (Member Case)

KANG M. LEE; GLENN S. GOORD; ANTHONY
ANNUCCI; DONALD SELSKY; T. TEDFORD;
DALE ARTUS, *et al.*,

                                      Defendants.

APPEARANCES:                                              OF COUNSEL:

REGINALD MCFADDEN
Plaintiff, *pro se*

HON. ELIOT SPITZER                                MEGAN M. BROWN, Esq.
Attorney General of the State of New York        Assistant Attorney General
Counsel for the Defendants

LAWRENCE E. KAHN, U.S. DISTRICT JUDGE

## **DECISION AND ORDER**

    Presently before the Court is a motion by Defendants Lee, Armitage, Menard

and O'Connell ("Defendants") to vacate the entry of default herein.  Dkt. No. 92.[1]

The Clerk entered default against these defendants in McFadden v. Lee, 9:04-CV-0799, on October 5, 2005.  Dkt. No. 89.  By Decision and Order of District Judge David N. Hurd, filed January 13, 2006, McFadden v. Lee was consolidated with McFadden v. Wright, 9:03-CV-0931, for all further proceedings, including the determination of this motion.  Dkt. No. 120.

Plaintiff McFadden's ("Plaintiff" or "McFadden") Amended Complaint in McFadden v. Lee named twenty-two individual Defendants, most of whom are employees of the New York State Department of Correctional Services.  Dkt. No. 7.  See also Brown Dec. (Dkt. No. 92, Attach. 2) at ¶ 7.  On January 18, 2005, a motion to dismiss the Amended Complaint was filed on behalf of the twelve Defendants who had been served with process as of that date.  Dkt. No. 50.

On May 5, 2005, summonses were re-issued and sent to the U.S. Marshals Service to effect service of process on the unserved Defendants.  Defendants Armitage and Lee were served on June 14, 2005, and June 15, 2005, respectively.  Dkt. Nos. 65 & 66.  Defendant Menard was served with process on July 15, 2005, and Defendant O'Connell was served on August 8, 2005.  Dkt. Nos. 70 & 75.  These Defendants were required to plead in response to the Amended Complaint on various dates in August, 2005.  See Dkt. No. 68.

On October 5, 2005, there having been no responsive pleading filed on behalf of

---

[1] Defendant Daryl Menard is incorrectly identified in the pleadings and on the docket of this action as Sgt. "Benard."

2

any of these Defendants, the Clerk of the Court, at McFadden's request, entered their default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Dkt. No. 89. Judgment by default has **not** been entered as against these Defendants. See FED. R. CIV. P. 55(b).

By motion filed October 14, 2005, Defendants Lee, Armitage, Menard and O'Connell seek to vacate the entry of default. Dkt. No. 92. In support of this motion, Defendants' counsel states that she intended to file a motion to dismiss the complaint on behalf of these four Defendants, and that her failure to timely do so was not willful, but rather was an oversight attributable to the extensive activity in this case. See Brown Dec. (Dkt. No. 92, Attach. 2) at ¶¶ 26-28. Counsel also notes that a motion to dismiss (Dkt. No. 91) was filed on behalf of these Defendants on October 6, 2005, just one day after the default was entered on the docket. See Brown Dec. (Dkt. No. 92, Attach. 2) at ¶ 32. Defendants maintain that Plaintiff will not suffer undue prejudice if the entry of default is vacated because the motion to dismiss filed on behalf of the earlier served Defendants is still pending, and discovery has not begun. Id. at ¶ 34.

Plaintiff opposes the Defendants' motion. Dkt. No. 96. Plaintiff contends that the Defendants have failed to establish that they are entitled to relief from the entry of default. Id. Defendants have filed a reply. Dkt. No. 98.

Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has

3

been entered, may likewise set it aside in accordance with Rule 60(b)."[2]  FED. R. CIV. P. 55(c).

It is well-settled in the Second Circuit that defaults are not favored, and that there is a strong preference for resolving disputes on their merits.  See Brien v. Kullman Indus., Inc., 71 F.3d 1073, 1077 (2d Cir. 1995); Traguth v. Zuck, 710 F.2d 90, 94 (2d Cir. 1983).  "'[D]ismissal is a harsh remedy to be utilized only in extreme situations.'" Brien, 71 F.3d at 1077 (quoting Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995)).  The primary considerations in determining whether an entry of default should be vacated are: "(1) whether the default was willful; (2) whether defendant has a meritorious defense; and (3) the level of prejudice that may occur to the nondefaulting party if relief is granted."  Brien, 71 F.3d at 1077 (citing and quoting Wagstaff-EL v. Carlton Press Co., 913 F.2d 56, 57 (2d Cir. 1990), cert. denied, 499 U.S. 929 (1991)).

With respect to "willfulness," the Second Circuit has declined to interpret this standard to include careless or negligent errors by an attorney or litigant.  See Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co., 92 F.3d 57, 60-61 (2d Cir. 1996).  See also, MacEwan Petroleum, Inc. v. Tarbell, 173 F.R.D. 36, 39-40 (N.D.N.Y. 1997) (McAvoy, C.J.).  In this case, the Defendants' failure to timely respond to the complaint appears to have been caused by excusable neglect, and there is no evidence that same was willful, deliberate or done in bad faith.  Accordingly, the Court declines to find that the default was willful.

---

[2] Rule 60(b) provides, *inter alia*, that in the case of "mistake, inadvertence, surprise, or excusable neglect," a court may relieve a party from a final judgment, order or proceeding.  FED. R. CIV. P. 60(b).

Turning to the requirement that there be a "meritorious defense" to Plaintiff's claims, Defendants have filed a motion to dismiss the Amended Complaint on the grounds that Plaintiff's claims are untimely, the complaint fails to state a claim upon which relief may be granted and Plaintiff has not plead and cannot prove a viable claim of retaliation against Defendant Armitage. See Defts.' Mem. of Law (Dkt. No. 91, Attach. 2). "To satisfy the criterion of a 'meritorious defense,' the defense need not be ultimately persuasive at this stage. 'A defense is meritorious if it is good at law so as to give the factfinder some determination to make.'" See Am. Alliance, 92 F.3d at 61 (citing and quoting Anilina Fabrique de Colorants v. Aakash Chemicals and Dyestuffs, Inc., 856 F.2d 873, 879 (7th Cir. 1988)). Here, the arguments advanced by Defendants in their motion to dismiss are sufficient to satisfy the requirement that they have a meritorious defense to Plaintiff's claims.

Finally, the Court will consider whether Plaintiff will be prejudiced if the entry of default is vacated. In this regard, "[t]he plaintiff must demonstrate that the default caused some actual harm to its ability to litigate the case...." MacEwan, 173 F.R.D. at 40. Plaintiff has not made any showing of actual harm from the relatively brief delay occasioned by the Defendants' default, and the Court finds that this factor does not weigh against the granting of the relief requested by Defendants.

Wherefore, based upon the foregoing, it is hereby

**ORDERED**, that the motion to vacate the entry of default filed on behalf of Defendants Lee, Armitage, Menard and O'Connell (Dkt. No. 92) is **GRANTED**; and it is further

5

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.


DATED:   January 23, 2006
         Albany, New York

Lawrence E. Kahn
U.S. District Judge

6