**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

REGINALD McFADDEN,

                              Plaintiff,

          v.                                                    No. 03-CV-931
                                                                (LEK/DRH)
RICHARD ROY; ANTHONY ANNICCI;                                   (Lead Case)
DEBORAH JARVIS, IRC; IRWIN LIEV, Urologist;
GLENN S. GOORD; and M.D. KANG M. LEE,

_____Defendants.


_____

REGINALD McFADDEN,

                              Plaintiff,

          v.                                                    No. 04-CV-799
                                                                (LEK/DRH)
KANG M. LEE, M.D.; ANTHONY ANNUCCI;                             (Member Case)
DONALD SELSKY;T. TEDFORD; DALE ARTUS;
T. TAMER, Sergeant; A. TOUSIGNANT; S.
MILLER; MICHAEL GORDON; WILLIAM BROWN;
J. LAREAU, Sergeant; IRWIN LIEB, M.D.; D.
LUCIA, Sergeant; LINDA KLOPH; SERGEANT
BERNARD, SHU; DAVID O'CONNELL, M.D.;
LOIS CROTTY, Infection Control Nurse; DAVID
ARMITAGE, Lt.; and LESTER N. WRIGHT, M.D.,
DOCS,

                              Defendants.
_____

**APPEARANCES:**                              **OF COUNSEL:**

REGINALD McFADDEN
No. 95-A-6279
Plaintiff Pro Se
Clinton Correctional Facility
Post Office Box 2001
Dannemora, New York 12929-2001

HON. ELIOT SPITZER                            KELLY L. MUNKWITZ, ESQ.
Attorney General for the                      MEGAN M. BROWN, ESQ.
   State of New York                          Assistant Attorneys General
Attorney for Defendants

The Capitol
Albany, New York 12224-0341

NAPIERSKI, VanDENBURGH &                    THOMAS J. O'CONNOR, ESQ.
  NAPIERSKI, L.L.P.
Attorney for Defendant Lieb
296 Washington Avenue Extension
Albany, New York 12203

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

Plaintiff pro se Reginald McFadden ("McFadden"), an inmate in the custody of the

New York State Department of Correctional Services ("DOCS"), brings these consolidated

action pursuant to 42 U.S.C. § 1983 alleging that defendants, numerous DOCS employees

and a private doctor, violated his constitutional rights under the First and Eighth

Amendments.  Am. Compl. (Docket No. 8).[2]  Presently pending is the motion of five

defendants[3] to dismiss the amended complaint in the Member Case (Member Case Docket

No. 7) as to them pursuant to Fed. R. Civ. P. 12(b)(6).  Docket No. 112.[4]  McFadden

opposes the motion.  Docket No. 113.  For the following reasons, it is recommended that

defendants' motion be granted in part and denied in part.

---

[1] This matter was referred to the undersigned for report and recommendation
pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

[2] Unless otherwise indicated, all references to docket entries are to the docket in the
Lead Case.

[3] Selsky, Brown, Kloph, Crotty, and Wright.  Defs. Mem. of Law (Docket No. 112) at
2.

[4] Also pending are McFadden's motion for summary judgment (Docket No. 86) and
defendant Lieb's cross-motion for summary judgment.  Docket No. 88.  Those motions will
be addressed in a separate report-recommendation.

## I. Background

The facts as alleged in the Member Case amended complaint are assumed to be true for the purposes of this motion.  See Section II(A) infra.

Between 1995 and 2002, McFadden repeatedly tested positive for elevated levels of liver dysfunction, a clinical indication of Hepatitis C.  Am. Compl. at ¶¶ 5-7.  However, McFadden was not informed that he was suffering from Hepatitis C until March 24, 2002. Id. at ¶ 8.  On March 18, 2004, McFadden was falsely accused of threatening a riot and was placed in isolation.  Id. at ¶¶ 10-11.  While in isolation, defendant Brown directed an officer to file false misbehavior reports against McFadden in retaliation for McFadden filing a lawsuit against various DOCS defendants.  Id.  As a result, McFadden was sentenced to sixteen months in the Special Housing Unit ("SHU").[5]  This action followed.

## II. Discussion

McFadden asserts two causes of action in the Member Case amended complaint. The first alleges deliberate indifference to a serious medical need and the second retaliation for asserting his First Amendment rights.  The moving defendants seek dismissal of all claims.

---

[5] SHUs exist in all maximum and certain medium security facilities.  The units "consist of single-occupancy cells grouped so as to provide separation from the   general population . . . ."  N.Y. Comp. Codes R. & Regs. tit. 7, § 300.2(b) (1995). Inmates are confined in a SHU as discipline, pending resolution of misconduct charges, for administrative or security reasons, or in other circumstances as required.  Id. at pt. 301.

**A. Motion to Dismiss**

Fed. R. Civ. P. 12(b)(6) authorizes dismissal of a complaint that states no actionable claim.  When considering a motion to dismiss, "a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994).  Dismissal is only warranted if it appears beyond a reasonable doubt that the non-moving party can prove no set of facts in support of his or her claim which would be entitled to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  In evaluating whether these requirements are met, complaints prepared pro se are held to less stringent standards than formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520-21 (1972).[6]

When a motion to dismiss is brought prior to an answer and discovery, a court is loath to grant the motion.  Lugo v. Senkowski, 114 F. Supp. 2d 111, 113 (N.D.N.Y. 2000) (Kahn, J.) (citing Wade v. Johnson Controls, Inc., 693 F.2d 19, 22 (2d Cir. 1982)).  This is true even if "the plaintiff is unlikely to prevail, unless the defendant can demonstrate that plaintiff is unable to prove facts which would entitle him [or her] to relief."  Id.  "'This caution against dismissal applies with even greater force where the complaint is pro se, or where the plaintiff complains of a civil rights violation.'"  Lugo, 114 F. Supp. 2d at 113 (citation omitted).

---

[6] McFadden is not without litigation experience, however, having filed over thirty other federal actions since 1995.  See U.S. Party/Case Index (visited Aug. 29, 2006) <http://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl>.

**B. Statute of Limitations**

Defendants contend that all claims against defendants Kloph and Crotty are time-barred.

While there is no provision in 42 U.S.C. § 1983 for the statute of limitations of a civil rights claim, § 1988 provides that state law may apply if not inconsistent with the Constitution or federal law. 42 U.S.C. § 1988(a) (2003); Moor v. County of Alameda, 411 U.S. 693, 702-03 (1973).  In New York, the applicable statute of limitations for a § 1983 suit is the three-year period governing suits to recover upon a liability created or imposed by statute. See Owens v. Okure, 488 U.S. 235, 249-51 (1989); Romer v. Leary, 425 F.2d 186, 187 (2d Cir. 1970); N.Y. C.P.L.R. 214(2) (McKinney 2003).

Federal law governs the determination of the accrual date for the purposes of a § 1983 claim.  Pearl v. City of Long Beach, 296 F.3d 76, 80 (2d Cir. 2002).  The claim accrues when the plaintiff "knows or has reason to know" of the harm. Eagleston v. Guido, 41 F.3d 865, 871 (2d Cir. 1994). The critical time for accrual purposes is when a plaintiff is aware that he or she is suffering a wrong for which damages may be recovered in a civil rights action. Singleton v. City of New York, 632 F.2d 185, 192 (2d Cir. 1980).  However, if the plaintiff demonstrates a continuing violation, the statute of limitations does not begin until the last injurious act.  See Shomo v. City of New York, No. 03 Civ. 10213(AKH), 2005 WL 756834, at *4 (S.D.N.Y. Apr. 4, 2005) (applying the doctrine of continuing violation to medical indifference claims).  In order to invoke the doctrine of continuing violation, a plaintiff must "'allege both the existence of an ongoing policy of discrimination and some non-time barred acts taken in furtherance of that policy.'" Id. at *6 (quoting Harris v. City of New York, 186 F.3d 243, 250 (2d Cir. 1999)).

5

_____McFadden filed his complaint on July 9, 2004.  Compl. (Member Case Docket No. 1).
The Second Circuit has held that a complaint is deemed "filed" by an inmate when it is
delivered to prison officials.  See Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993).
Therefore, even though this action was not filed until July 9, 2004, the original complaint
was signed on June 22, 2004 and that will be used as the filing date for purposes of
determining the statute of limitations claims.  See Compl.

_____Liberally construing the amended complaint and viewing the allegations in the light
most favorable to McFadden, he alleges that Kloph and Crotty knew as early as 1995 that
he had tested positive for Hepatitis C, but he was not informed that he was infected until
March 24, 2002.  Am. Compl. at ¶¶ 5, 8.  McFadden alleges that defendants' denial of
treatment for nearly seven years for his hepatitis has placed him in "imminent danger of
serious physical injury."  Id. at ¶ 19.  Thus, McFadden's allegation sufficiently alleges a
continuing violation of his Eighth Amendment rights commencing before the period of
limitation but continuing to within the three-year period of that limitation.  Accordingly,
defendants' contention that the amended complaint should be dismissed as to Kloph and
Crotty is defeated at this stage by the continuing violation doctrine and their motion on this
ground should be denied.


_____C. Personal Involvement

Defendants contend that McFadden has failed sufficiently to allege the personal
involvement of defendants Selsky and Wright.

"'[P]ersonal involvement of defendants in alleged constitutional deprivations is a
prerequisite to an award of damages under § 1983.'"  Wright v. Smith, 21 F.3d 496, 501 (2d

Cir. 1994) (quoting <u>Moffitt v. Town of Brookfield</u>, 950 F.2d 880, 885 (2d Cir. 1991)).  The

doctrine of respondeat superior is not a substitute for personal involvement.  <u>Polk County v.</u>

<u>Dodson</u>, 454 U.S. 312, 325 (1981).  Thus, supervisory officials may not be held liable

merely because they held a position of authority.  <u>Black v. Coughlin</u>, 76 F.3d 72, 74 (2d Cir.

1996).  Supervisory personnel may be considered "personally involved," however, if they

participated in the conspiracy, learned of the violation but failed to remedy the wrong,

created a policy or custom under which unconstitutional practices occurred or allowed such

policy or custom to continue, or were grossly negligent in managing subordinates who

caused the violation.  <u>Williams v. Smith</u>, 781 F.2d 319, 323-24 (2d Cir. 1986) (citations

omitted).

### 1. Defendant Selsky

    McFadden contends that Selsky's policies are "threatening plaintiff's life."  <u>See</u> Am.

Compl. at ¶ 19.  However, McFadden fails to allege any facts regarding what the policies

are or how they relate to his alleged violations, instead simply stating that these policies

exist.  "A complaint that essentially regurgitates the relevant 'personal involvement'

standard, without offering any facts indicating that, or how, an individual defendant in a

supervisory role was personally involved in a constitutional violation, cannot withstand

dismissal."  <u>Davis v. County of Nassau</u>, 355 F. Supp. 2d 668, 677 (E.D.N.Y. 2005); <u>see</u> <u>also</u>

<u>Ricciuti v. New York City Transit Authority</u>, 941 F.2d 119, 124 (2d Cir. 1991) ("our prior

cases suggest that an allegation of municipal policy or custom would be insufficient if wholly

conclusory").  Thus, McFadden's allegations as to Selsky's personal involvement are wholly

conclusory, and, thus, insufficient to survive dismissal.

    Therefore, defendants' motion on this ground should be granted and Selsky should

7

be dismissed from the case.

## 2. Defendant Wright

McFadden contends that Wright failed properly to supervise his subordinates and approved and authorized the DOCS Hepatitis C primary care patient guideline ("Hepatitis C guideline").

As to the first claim, McFadden makes no allegation that Wright personally participated in any alleged constitutional violation.  McFadden merely sues Wright in his supervisory capacity by alleging that he failed properly to supervise and train his subordinates.  Even liberally construing the complaint, the mere allegation that Wright failed to supervise properly cannot suffice to allege gross negligence as would be required here for personal involvement.  As discussed <u>supra</u>, simply regurgitating the relevant personal involvement standard will not suffice to survive dismissal.  <u>See</u> <u>Davis</u>, 355 F. Supp. 2d at 677.  Further, McFadden fails to allege how the Hepatitis C guideline that was approved and authorized by Wright was, in any way, unconstitutional.  Thus, McFadden's allegations as to Wright's personal involvement are wholly conclusory, and, thus, insufficient to survive dismissal.

Therefore, defendants' motion on this ground should be granted and Wright should be dismissed from the case.

## D. Retaliation

McFadden contends that as a result of filing this lawsuit, defendant Brown retaliated

8

against him by having McFadden sentenced to the SHU for sixteen months.  Defendants

contend that McFadden's conclusory allegations of retaliation must be dismissed as they

fail to state a claim.  In order to state an actionable claim for retaliation, a plaintiff must first

allege that the plaintiff's conduct was constitutionally protected and that this protected

conduct was a substantial factor that caused the adverse action against plaintiff.  Dawes v.

Walker, 239 F.3d 489, 492 (2d Cir. 2001), overruled on other grounds, Swierkiewicz v.

Sorema, 534 U.S. 506 (2002).  Retaliation claims are actionable because they may tend to

chill an individual's exercise of constitutional rights.  Id. at 491.  However, courts must view

retaliation claims with care and skepticism to avoid judicial intrusion into prison

administration matters.  Id.  Conclusory allegations alone are insufficient to overcome a

motion to dismiss in a civil rights action.  Barr v. Abrams, 810 F.2d 358, 363 (2d Cir. 1987).

Here, McFadden claims that as a result of his filing this lawsuit, Brown had him

sentenced to sixteen months in SHU "in order to prevent service of [the] summons and

complaint" in this case.  Am. Compl. at ¶ 11.  McFadden's filing of a lawsuit was clearly an

assertion of a constitutional right and the sixteen month sentence in SHU could constitute

an adverse action.  Graham v. Henderson, 89 F.3d 75, 80 (2d Cir. 1996).  However,

McFadden alleges in only bare, conclusory terms that these alleged acts were taken in

retaliation for his protected conduct.  Thus, McFadden has not alleged specific facts that

"give rise to a colorable suspicion of retaliation."  Flaherty v. Coughlin, 713 F.2d 10, 13 (2d

Cir. 1983).

Therefore, defendants' motion on this ground should be granted and defendant

9

Brown should be dismissed from the case.[7]


### III.  Conclusion

For the reasons stated above, it is hereby:

**RECOMMENDED** that defendants' motion to dismiss (Docket No. 112) be:

    1. **GRANTED** as to defendants Wright, Selsky, and Brown and these

defendants should be dismissed from this case; and

    2. **DENIED** as to defendants Kloph and Crotty.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the

foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO**

**OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE**

**REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892

F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).


DATED: September 6, 2006
      Albany, New York_____

_David R. Homer_____
United States Magistrate Judge

---

    [7]Liberally construed, the Member Case amended complaint may also allege that Brown caused the issuance of a false misbehavior report leading to the disciplinary hearing and the sixteen-month confinement in SHU.  Am. Compl. at ¶ 11.  So construed, however, the amended complaint still fails to state a claim against Brown because McFadden does not challenge the disciplinary hearing itself and the mere allegation that a misbehavior report was false without a challenge to the due process of the subsequent disciplinary hearing fails to state a claim.  See Boddie v. Schneider, 105 F.3d 857, 862 (2d Cir. 1997); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986); Jenner v. Curtin, 979 F. Supp. 153, 154 (N.D.N.Y. 1997).  Accordingly, any claim against Brown on this ground should also be dismissed.