**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

REGINALD McFADDEN,
                      Plaintiff,

    v.                                                                                   No. 03-CV-931
                                                                                              (LEK/DRH)
RICHARD ROY; ANTHONY ANNICCI;                                (Lead Case)
DEBORAH JARVIS, IRC; IRWIN LIEB, Urologist;
and GLENN S. GOORD,
                      Defendants.

---

REGINALD McFADDEN,
                      Plaintiff,

    v.                                                                                   No. 04-CV-799
                                                                                              (LEK/DRH)
KANG M. LEE, M.D.; ANTHONY ANNUCCI;                          (Member Case)
DONALD SELSKY; T. TEDFORD; DALE ARTUS;
T. TAMER, Sergeant; A. TOUSIGNANT; S.
MILLER; MICHAEL GORDON; WILLIAM BROWN;
J. LAREAU, Sergeant; IRWIN LIEB, M.D.; D.
LUCIA, Sergeant; LINDA KLOPH; SERGEANT
BERNARD, SHU; DAVID O'CONNELL, M.D.;
LOIS CROTTY, Infection Control Nurse; DAVID
ARMITAGE, Lt.; and LESTER N. WRIGHT, M.D.,
DOCS,
                      Defendants.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| REGINALD McFADDEN<br>No. 95-A-6279<br>Plaintiff Pro Se<br>Clinton Correctional Facility<br>Post Office Box 2001<br>Dannemora, New York 12929-2001 | |
| HON. ELIOT SPITZER<br>Attorney General for the<br>   State of New York<br>Attorneys for Defendants<br>The Capitol | KELLY L. MUNKWITZ, ESQ.<br>MEGAN M. BROWN, ESQ.<br>Assistant Attorneys General |

Albany, New York 12224-0341

| | |
|---|---|
| NAPIERSKI, VANDENBURGH &    NAPIERSKI, L.L.P.<br>Attorney for Ddefendant Dr. Lieb<br>296 Washington Avenue Extension<br>Albany, New York 12203 | THOMAS J. O'CONNOR, ESQ. |

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

Plaintiff pro se Reginald McFadden ("McFadden"), an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brings these consolidated actions pursuant to 42 U.S.C. § 1983 alleging that defendants, numerous DOCS employees and a private doctor, violated his constitutional rights under the First and Eighth Amendments. Am. Compl. (Docket No. 8);[2] Am. Compl. (Member Case Docket No. 7) ("Member Am. Compl"). Presently pending is McFadden's motion for summary judgment pursuant to Fed. R. Civ. P. 56 against defendant Dr. Irwin Lieb ("Dr. Lieb") and Dr. Lieb's cross-motion for summary judgment and motion to dismiss pursuant to 42 U.S.C. § 1997e(c). Docket Nos. 86, 88. For the following reasons, it is recommended that McFadden's motion be denied and Dr. Lieb's cross-motion be granted.

### I. Background

At all relevant times, McFadden was incarcerated at Clinton Correctional Facility

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

[2] Unless otherwise indicated, all references to docket entries are to the docket in the Lead Case.

("Clinton"). After complaining of difficulty urinating, McFadden was referred to an outside specialist for consultation. Pl. Mem. of Law (Docket No. 86) at Doc. 9. On October 24, 2002, defendant Lareau ("Lareau") escorted McFadden to see Dr. Lieb, a board certified urologist under contract with DOCS to provide medical services to inmates, at the Adirondack Correctional Facility medical clinic ("Adirondack"). Pl. Statement of Material Facts (Docket No. 86) at ¶ 15; Def. Statement of Material Facts (Docket No. 88) at ¶¶ 1-2. Before the examination began, Lareau advised Dr. Lieb that due to security concerns, it was necessary for Lareau and other guards to remain with McFadden in the examination room. Lieb Aff. (Docket No. 86) at ¶ 3; Pl. Statement of Material Facts at ¶ 17. Dr. Lieb deferred to Lareau's judgment and allowed the guards to remain with McFadden in the examination room. Lieb Aff. ¶ 3. However, McFadden objected to their presence and refused to answer any medical questions or proceed with the examination with the guards in the room. Pl. Mem. of Law at Doc. 9; Lieb. Aff. at ¶ 3. Shortly thereafter, the examination abruptly ended. Lieb Aff. at ¶ 3.

On January 22, 2004, McFadden was transported to Adirondack by a different escort officer who did not request to remain with McFadden in the examination room. Pl. Statement of Material Facts at ¶ 38; Lieb. Aff. at ¶ 4. Dr. Lieb examined McFadden and recommended follow-up care. Id. On March 19, 2004, Dr. Lieb again examined McFadden and made a diagnosis of prostatitis with bladder neck obstruction. Lieb Aff. at ¶ 5. On or about March 28, 2004, Dr. Lieb received a copy of the summons and complaint in the Lead Case naming him as a defendant. Id. at ¶ 6. Accompanying the summons and complaint was a letter from McFadden stating "had I known what you told Sergeant during my second visit to your office . . . , that . . . Lareau insisted on being in the room during our first

3

meeting, and you did not refuse to treat me, I would never had included you as a Defendant." Lieb. Aff. at Ex. A.  McFadden also offered to release Dr. Lieb from the Lead Case if he would provide a sworn statement that it was Lareau and not Dr. Lieb who requested that guards remain in the room during the October 24, 2002 examination. Id.; Pl. Statement of Material Facts at ¶ 45.

On or about April 14, 2004, Dr. Lieb received a letter from McFadden threatening another lawsuit.  Lieb Aff. at Ex. B.  Shortly thereafter, Dr. Lieb, through his attorney, requested that he be placed on McFadden's negative correspondence and telephone lists. O'Connor Aff. (Docket No. 88) at Ex. A.  The request was granted and McFadden was notified that he was not to contact Dr. Lieb in any manner. Id. at Ex. B.  On June 17, 2004, McFadden was scheduled to be examined by Dr. Lieb at Adirondack, but McFadden refused to be treated by Dr. Lieb.  Lieb Aff. II (Docket No. 93) at Ex. B.  This action followed.

## II. Discussion

McFadden asserts one cause of action for deliberate indifference to a serious medical need against defendant Dr. Lieb.  Dr. Lieb seeks dismissal of the claim.

### A. Summary Judgment

A motion for summary judgment may be granted if there is no genuine issue as to any material fact if supported by affidavits or other suitable evidence and the moving party is entitled to judgment as a matter of law. The moving party has the burden to show the

absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Facts are material if they may affect the outcome of the case as determined by substantive law. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). All ambiguities are resolved and all reasonable inferences are drawn in favor of the non-moving party. Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

The party opposing the motion must set forth facts showing that there is a genuine issue for trial. The non-moving party must do more than merely show that there is some doubt or speculation as to the true nature of the facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment. Gallo v. Prudential Residential Servs. 22 F.3d 1219, 1223-24 (2d Cir. 1994); Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988). When, as here, a party seeks summary judgment against a pro se litigant, a court must afford the non-movant special solicitude. Id.[3] However, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. Anderson, 477 U.S. at 247-48.

---

[3] McFadden is not without litigation experience, however, having filed over thirty other federal actions since 1995. See U.S. Party/Case Index (visited Sept. 5, 2006) <http://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl>.

**B. Eight Amendment**

A prisoner advancing an Eighth Amendment claim for denial of medical care must allege and prove deliberate indifference to a serious medical need. Wilson v. Seiter, 501 U.S. 294, 297 (1991); Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994). More than negligence is required "but less than conduct undertaken for the very purpose of causing harm." Hathaway, 37 F.3d at 66. The test for a § 1983 claim is twofold. First, the prisoner must show that there was a sufficiently serious medical need. Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998). Second, the prisoner must show that the prison official demonstrated deliberate indifference by having knowledge of the risk and failing to take measures to avoid the harm. Id. "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." Farmer v. Brennan, 511 U.S. 825, 844 (1994).

A serious medical need is "'one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995) (quoting Johnson v. Busby, 953 F.2d 349, 351 (8th Cir. 1991)). An impairment that a reasonable doctor or patient would find important and worthy to treat, a medical condition that affects the daily activities of an individual, or the existence of chronic and substantial pain are all factors that are relevant in the consideration of whether a medical condition was serious. Chance, 143 F.3d at 702-03.

Deliberate indifference requires the prisoner to prove that the prison official knew of and disregarded the prisoner's serious medical needs. Id. at 702. Mere disagreement over

6

proper treatment does not create a constitutional claim as long as the treatment was adequate. Id. at 703.  Allegations of negligence or malpractice do not constitute deliberate indifference unless the malpractice involved culpable recklessness.  Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996).

Here, it is unclear whether McFadden's condition constitutes a serious medical need. However, even if McFadden's condition is considered serious, his Eighth Amendment claim fails to show that Dr. Lieb was deliberately indifferent.  McFadden contends that Dr. Lieb's failure to treat him on two separate occasions constituted deliberate indifference to a serious medical need.

Although inmates lose many rights while incarcerated, they still "retain certain fundamental rights of privacy."  Houchins v. KQED, Inc., 438 U.S. 1, 5 n.2 (1978). However, "maintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of . . . convicted prisoners . . . ."  Bell v. Wolfish, 441 U.S. 520, 546 (1979).  Prison officials "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."  Id. at 547; see also Pell v. Procunier, 417 U.S. 817, 827 (1974) ("in the absence of substantial evidence in the record to indicate that the [prison] officials have exaggerated their response to these [security] considerations, courts should ordinarily defer to their expert judgment in such matters.").

The October 24, 2002 consultant report states that McFadden "voiced no complaint other than a desire for confidentiality and wanted the guards to leave the room."  Pl. Mem. of Law at Doc. 9.  After Dr. Lieb asked McFadden if he had difficulty urinating, McFadden

7

"refused to answer medical [the] question with guards in room." Id. However, the report clearly notes that the reason the guards remained in the room was for security reasons. Id. Because Dr. Lieb was simply following the security recommendation of a prison official, his conduct did not constitute a deliberate indifference to a serious medical need. See Vergara v. Vogliano, No. Civ. 95-4513(JFK), 1997 WL 86388, at *3-4 (S.D.N.Y. Feb. 28, 1997) (deferring to the determination of a prison administrator that the presence of guards during a medical examination was a necessary security measure).

McFadden also contends that Dr. Lieb denied him treatment on June 17, 2004 and filed a false medical refusal form. Member Am. Compl. at ¶ 18. However, Dr. Lieb has provides the refusal-of-medical-examination form which indicates that McFadden "did not want to see [defendant]." Lieb Aff. II at Ex. B. Thus, in light of Dr. Lieb's documentary evidence to the contrary, McFadden's conclusory allegations that Dr. Lieb failed to treat him and filed a false medical refusal form fail to raise a genuine issue of material fact as to Dr. Lieb's deliberate indifference. See Cifarelli v. Village of Babylon, 93 F.3d 47, 51 (2d Cir. 1996) ("mere conclusory allegations, speculation or conjecture will not avail a party resisting summary judgment").

Therefore, it is recommended that McFadden's motion for summary judgment against Dr. Lieb be denied, Dr. Lieb's cross-motion be granted, and all claims against Dr. Lieb be terminated.[4]

---

[4] McFadden also contends that Dr. Lieb's deliberate indifference is demonstrated by his failure to fill out an inmate medical refusal form for the October 24, 2002 visit, treatment of McFadden on January 22, 2004 without security in the examination room, and attempt to avoid service of the summons and complaint in these actions. See Pl. Mem. of Law at 20. These allegations are wholly conclusory and fail to demonstrate that Dr. Lieb was, in any way, deliberately indifferent to McFadden's medical needs.

### III.  Conclusion

For the reasons stated above, it is hereby:

**RECOMMENDED** that:

1. McFadden's motion for summary judgment against Dr. Lieb (Docket No. 86) be **DENIED**; and

2. Dr. Lieb's cross-motion for summary judgment (Docket No. 88)[5] be **GRANTED** and all claims against Dr. Lieb be terminated as to both the Lead Case and the Member Case.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

DATED: September 13, 2006
       Albany, New York

_David R. Homer_
United States Magistrate Judge

---

[5] Because Dr. Lieb's cross-motion is granted, it is unnecessary to address his motion to dismiss pursuant to 42 U.S.C. § 1997e(c).