UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

REGINALD McFADDEN,

                Plaintiff,

v.                                            9:03-CV-0931
                                             (GTS/DRH)
RICHARD ROY; ANTHONY ANNUCCI;        (Lead Case)
DEBORAH JARVIS, IRC; and GLENN S. GOORD,

                Defendants.
_____

REGINALD McFADDEN,

                Plaintiff,

v.                                           9:04-CV-0799
                                           (GTS/DRH)
KANG M. LEE, M.D.; ANTHONY ANNUCCI;  (Member Case)
T. TEDFORD; DALE ARTUS; T. TAMER,
Sergeant; A. TOUSIGNANT; S. MILLER;
MICHAEL GORDON; J. LAREAU, Sergeant;
D. LUCIA, Sergeant; LINDA KLOPH; SERGEANT
BERNARD, SHU; DAVID O'CONNELL, M.D.;
and LOUIS CROTTY, Infection Control Nurse,

                Defendants.
_____

APPEARANCES:                                OF COUNSEL:

REGINALD McFADDEN, 95-A-6279
   Plaintiff, *Pro Se*
Auburn Correctional Facility, P.O. Box 618
Auburn, NY 13021

HON. ANDREW M. CUOMO                KELLY L. MUNKWITZ, ESQ.
Attorney General for the State of New York    MEGAN M. BROWN, ESQ.
   Counsel for Defendants                    Assistant Attorneys General
The Capitol
Albany, NY 12224

HON. GLENN T. SUDDABY, United States District Judge

**DECISION and ORDER**

Currently before the Court in this *pro se* prisoner civil rights action are Defendants' motion for summary judgment, Plaintiff's cross-motion for summary judgment, and United States Magistrate Judge David R. Homer's Report-Recommendation. Plaintiff has filed Objections to the Report-Recommendation. For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety, Defendants' motion is granted, and Plaintiff's cross-motion is denied.

## I.     RELEVANT BACKGROUND

On July 23, 2003, Plaintiff filed *McFadden v. Roy*, 03-CV-0931(LEK/DRH) ("McFadden I") against the above-named Defendants (as well as forty-six other Defendants, who were subsequently terminated). (McFadden I, Dkt. No. 1.) On September 10, 2003, District Judge Lawrence E. Kahn denied Plaintiff's motion for *in pauperis status* due to his prior accumulation of at least "three strikes" and his failure to allege facts plausibly suggesting that he was under imminent danger of serious physical injury when he filed suit, for purposes of 28 U.S.C. § 1915(g). (McFadden I, Dkt. No. 6, at 3-4.) Plaintiff subsequently paid the Court's filing fee. On October 3, 2003, Plaintiff filed an Amended Complaint. (McFadden I, Dkt. No. 8.)

On July 9, 2004, Plaintiff filed *McFadden v. Lee*, 04-CV-0799(DNH/DRH) ("McFadden II") against the above-named Defendants (as well as seven other Defendants who were subsequently terminated). (McFadden II, Dkt. No. 1.) On September 23, 2004, District Judge David N. Hurd granted Plaintiff's motion for *in pauperis status* after finding that, despite his prior accumulation of at least "three strikes," he had alleged facts plausibly suggesting that he was under imminent danger of serious physical injury when he filed suit, for purposes of 28 U.S.C. § 1915(g). (McFadden II, Dkt. No. 6, at 2.) On October 4, 2004, Plaintiff filed an

Amended Complaint in McFadden II.  (McFadden II, Dkt. No. 7.)

On January 13, 2006, McFadden I and McFadden II were consolidated.  (McFadden I, Dkt. No. 109; McFadden II, Dkt. No. 109.)

Generally, in his Amended Complaints in McFadden I and McFadden II, Plaintiff alleges as follows: (1) certain Defendants violated his rights under the First Amendment by filing false misbehavior reports, and subjecting him to two urinalyses under false pretenses; (2) certain Defendants violated his rights under the First Amendment by denying him access to legal supplies and placing him in the Special Housing Unit ("SHU") to preclude him from effectively serving parties in a lawsuit; (3) certain Defendants violated his Eighth Amendment rights by providing inadequate medical care in a variety of contexts; (4) certain Defendants discriminated against him in violation of the Americans with Disabilities Act ("ADA"); (5) certain Defendants violated his Eighth Amendment rights by subjecting him to inhumane conditions in SHU; (6) certain Defendants violated his due process rights under the Fourteenth Amendment by filing false misbehavior reports; (7) certain Defendants conspired to violate his constitutional rights in violation of 42 U.S.C. § 1985; and (8) certain Defendants improperly used information from Plaintiff's sealed juvenile proceeding in violation of state law.  (*See generally* McFadden I, Dkt. No. 8; McFadden II, Dkt. No. 7.)

On July 21, 2008, Defendants in McFadden I and McFadden II filed a motion for summary judgment seeking dismissal of all claims against them.  (McFadden I, Dkt. No. 169.)  On August 25, 2008, Plaintiff filed a cross-motion for summary judgment (McFadden I, Dkt. No. 177), as well as a response in opposition to Defendants' motion (McFadden I, Dkt. No. 178).

On March 5, 2009, Magistrate Judge Homer issued a Report-Recommendation recommending that Defendants' motion for summary judgment be granted, and that Plaintiff's

cross-motion for summary judgment be denied.  (McFadden I, Dkt. No. 181.)  On March 17, 2009, Plaintiff filed his Objections to the Report-Recommendation.  (McFadden I, Dkt. No. 183.)  Familiarity with the grounds of Magistrate Judge Homer's Report-Recommendation is assumed in this Decision and Order.

## II.    ANALYSIS

For the sake of brevity, the Court will not recite the well-known legal standard of de novo review that governs the review of a magistrate judge's report-recommendation to which a party has made an objection, pursuant to 28 U.S.C. § 636(b)(1)(C).  Rather, the Court will merely refer the parties to its decision in *Vigliotti v. Daly*, 05-CV-1320, 2008 WL 5423453, at *1 (N.D.N.Y. Dec. 30, 2008) (Suddaby, J.).

After carefully reviewing all of the papers in this action, including Magistrate Judge Homer's Report-Recommendation and Plaintiff's Objections thereto, the Court rejects each of Plaintiff's Objections, and agrees with each of the conclusions stated in the Report-Recommendation.[1]  Magistrate Judge Homer employed the proper legal standards, accurately recited the facts, and reasonably applied the law to those facts.  The Court would only add one point.

As stated by Magistrate Judge Homer in his Report-Recommendation, Plaintiff does not have a *constitutional* right to have sealed records kept private.  Therefore, if there was some kind of harm that Plaintiff has suffered as a result of his juvenile record being exposed,[2] such harm cannot form the basis of a Section 1983 claim.  The Court notes that, in his Objections, Plaintiff

---

[1] The Court notes that the only objections offered by Plaintiff to Magistrate Judge Homer's Report-Recommendation are simply reiterations of his previous arguments.

[2] The Court notes that Plaintiff has not specified when, how or to whom his juvenile records were exposed, nor has Plaintiff specified the harm that he suffered as a result of such alleged exposure.

incorrectly relies on a state court Article 78 proceeding for the proposition that he has a federal constitutional right to have sealed files remain sealed.  *See Hetherington v. Coughlin*, 511 N.Y.S.2d 392 (N.Y. App. Div., 2d Dept. 1987).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Homer's Report-Recommendation (McFadden I, Dkt. No. 181) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (McFadden I, Dkt. No. 169) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's cross-motion for summary judgment (McFadden I, Dkt. No. 177) is **DENIED**; and it is further

**ORDERED** that Plaintiff's Amended Complaints (McFadden I, Dkt. No. 8; McFadden II, Dkt. No. 7) are **DISMISSED**, and that judgment be entered for all Defendants in both actions.

Dated: March 24, 2009
　　　　Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge